## ELIZABETH MEYERS, EXECUTRIX OF THE ESTATE OF JOHN L. MEYERS, DECEASED, PLAINTIFF-APPELLANT, v. PHILIP A. TRIBEL, HANS JURGENS ACHORNE AND HENRY RUITENBERG, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 17, 1950—Decided May 5, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. A. Leo Bohl* argued the cause for the appellant.

*Mr. Charles C. Stalter* argued the cause for the respondent Philip A. Tribel.

*Mr. Donal C. Fox* argued the cause for the respondents Hans Jurgens Achorne and Henry Ruitenberg (*Messrs. Fox & Schackner*, attorneys).

The opinion of the court was delivered by
JACOBS, S. J. A. D.   The plaintiff, executrix of the estate of John L. Meyers, deceased, appeals from a judgment entered

in the Passaic County Court dismissing her action against the defendants Tribel, Achorne and Ruitenberg at the close of the plaintiff's case.

The decedent, John L. Meyers, was a police officer of the Borough of Hawthorne. On the evening of September 8, 1948, he was directing traffic at Goffle Road and Warburton Avenue in the Borough of Hawthorne. These streets form a "T," Warburton Avenue running westerly into Goffle Road running north and south. The decedent was dressed in his police uniform, wore a white Sam Browne belt, white gloves, a white hat and carried a lighted baton. The night was clear, the road surface was dry and there was an illuminated arc light overhead. The defendant Achorne was driving a Chevrolet coach owned by the defendant Ruitenberg westerly along Warburton Avenue; the defendant Tribel was driving a Studebaker sedan south along Goffle Road. The decedent was struck by Tribel's automobile, was rendered unconscious and later died. There was evidence that Tribel's Studebaker was being driven near the center line of Goffle Road; the decedent had been standing along the center line, had taken a step backwards, was struck by the Studebaker, was thrown into the air, and landed approximately thirty-five feet away; the Studebaker's front left fender was dented and scratched and touched the front left tire and after the accident it was found parked one hundred feet away.

The testimony by Tribel, who was called by the plaintiff as a witness, was to the effect that the decedent had signaled him to proceed, had directed that all traffic coming from Warburton Avenue turn right and, in violation of the decedent's signal, the defendant Achorne had come into Goffle Road to turn left causing the officer to step backwards. A reasonable inference may be drawn from this testimony, without more, that a contributing cause of the accident was the defendant's negligent conduct in proceeding as he did, despite the officer's signal to the contrary. See *R. S.* 39:4–57; *R. S.* 39:4–80; *Niles v. Phillips Express Co.*, 118 *N. J. L.* 455, 460 (*E. & A.* 1937).

On the other hand, the defendant Achorne, who was likewise called as a witness by the plaintiff, testified that the decedent had stopped both north and south bound traffic on Goffle Road, had signaled him to proceed into Goffle Road and make his left turn as he contemplated and that, despite the officer's signal, Tribel's automobile proceeded, striking the officer as he stepped backwards. A reasonable inference may be drawn from this testimony, without more, that the negligent conduct of defendant Tribel in proceeding, despite the officer's signal to the contrary, was a contributing cause of the accident; *R. S.* 39:4–57; *R. S.* 39:4–80; *Niles v. Phillips Express Co., supra.*

At the close of the plaintiff's case she was entitled to the benefit of all favorable testimony, together with such reasonable inferences as may be drawn therefrom. *Beasley v. Hudson County Bus Transportation Co., Inc.,* 5 *N. J. Super.* 181, 183 (*App. Div.* 1949); *Dobrow v. Hertz,* 125 *N. J. L.* 347, 348 (*E. & A.* 1940). Within this doctrine there was, in the entire record, sufficient evidence of negligence against Tribel and Achorne to withstand their motions for dismissal at the close of the plaintiff's case. Although the issue of contributory negligence has been raised, we are satisfied that dismissal on that ground would have been unwarranted; it has been repeatedly pointed out that, in order to justify such dismissal of the plaintiff's action on the ground of contributory negligence, it must "appear conclusively as a fact or by necessary exclusive inference from the plaintiff's proof." *Spence v. Maier,* 137 *N. J. L.* 284, 286 (*Sup. Ct.* 1948); affirmed, 1 *N. J.* 36 (1948). It seems clear that contributory negligence as a matter of law may not properly be said to appear because of the officer's having taken a step backwards during the performance of his traffic duty, either to avoid the Chevrolet proceeding in violation of his direction, or in reliance that the Studebaker would stop in accordance with his direction. *Cf. Hughes v. English,* 9 *N. J. Misc.* 28, 29 (*Sup. Ct.* 1930); *Lozio v. Perrone,* 111 *N. J. L.* 549, 553 (*Sup. Ct.* 1933); and the cases collected in the annotation

in 92 *A. L. R.* 1518, 1520 (1934), dealing with liability for injuries to police officers directing traffic.

The defendant Ruitenberg contends that the dismissal of the plaintiff's action as against him should be sustained on the ground that although he owned the Chevrolet it was not being operated for him at the time of the accident. At the argument on the appeal the appellant expressly consented to a dismissal of her appeal as to Ruitenberg.

The judgment below is reversed as to the defendants Tribel and Achorne and the appeal is dismissed as to the defendant Ruitenberg.